IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRICE ANN DAUGHERTY, )
 )
      Plaintiff, )
 )
  -vs- )    Civil Action No.  17-1288
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

# OPINION

    Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

    Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on March 17, 2016. (ECF No. 7-8, pp. 6-39). On June 16, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 11-26). After exhausting all administrative remedies, Plaintiff filed this action.

    The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. '706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant=s impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step 3 Analysis

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. pp. 8-11). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

Plaintiff asserts that she meets the medical equivalence under Listing 12.05(c) (intellectual disability). (ECF No. 10, pp. 8-11); *see*, 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. To that end, Plaintiff argues that the ALJ's failure to discuss the same prohibits me from conducting a meaningful review such that remand is warranted. *Id.* After a review of the record, I disagree.

To be sure, the ALJ in this case never discusses or evaluates Plaintiff's impairments under Listing 12.05(c). *See,* ECF No. 7-2, pp. 15-18. Listing 12.05 – Intellectual Disability provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;….

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of both the introductory paragraph and paragraph A, B, C *or* D of the Listing are satisfied. To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Thus, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive behavior initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, and 3) a physical or other mental impairment imposing an additional and significant work-related

4

limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992).

Plaintiff recognizes that she does not have a valid verbal, performance, or full scale IQ between 60 and 70. (ECF No. 10, p. 11). Rather, as acknowledged by Plaintiff and found by the ALJ, Plaintiff's lowest IQ score is 75. *Id;* ECF No. 7-2, pp. 16-17. Nevertheless, Plaintiff cites to the Program Operations Manual System (POMS) to suggest that the ALJ should have engaged in an analysis of whether Plaintiff had a "medical equivalence." (ECF No. 10, p. 11). POMS, however, are merely guidelines and do not act with the authority of law. Nonetheless, they can be instructive.

> POMS No. 24515.056(D)(1)(c) provides the following instructions under Listing 12.05(C):
>
> Listing 12.05C is based on a combination of an IQ score with an additional and significant mental or physical impairment. The criteria for this paragraph are such that a medical equivalence determination would very rarely be required. However, slightly higher IQs (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitation of function may support an equivalence determination. It should be noted that generally the higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.

POMS DI 24515.056(D)(1)(c). Thus, the issue is whether the ALJ was required to address Plaintiff's limitations pursuant to the POMS guidelines.

The POMS does not provide that such an analysis is required when an IQ is between 70-75. *Id.* In fact, it provides that such a medical equivalence determination would be very rare and, even then, it only "may" support an equivalence determination. *Id.* Furthermore, as stated earlier, the statements in the POMS are not binding, but merely instructive. *See, Edelman v. Comm'r Soc. Sec.,* 83 F.3d 68, 71 n. 2 (3d Cir.1996); *Bordes v. Comm'er of Soc. Sec.,* 235 F. App'x 853, 859 (3d Cir. May 18, 2007) ("[POMS] lack the force of law and create no judicially-enforceable rights."). Therefore, an ALJ's failure to observe them does not suggest an error on the part of the ALJ. To hold otherwise would be contrary to the non-binding effect of the POMS

guidelines.  Consequently, I find that remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRICE ANN DAUGHERTY, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 17-1288
)
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

        BY THE COURT:

        s/   Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.